## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**GARY L. GURULE**

Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS FOR ADAMS COUNTY COLORADO; DOUGLAS N. DARR**, in his official capacity as the Sheriff of Adams County; **BRIAN CALDWELL**, individually, and in his official capacity as an Adams County Deputy Sheriff; **PRISON HEALTH SERVICES, INC.**; and **JOHN AND JANE DOES 1-10,** individually, and in their official capacities, Jointly and Severally,

Defendants.

---

## CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff Gary L. Gurule, by and through his attorneys, the Law Firm of Portales & Associates, P.C., by Joseph Oliva, Jr. and R.E. Chips Portales, now complains against the defendants above-named and requests trial by jury as follows:

## INTRODUCTION

1.      This is an action brought by Gary L. Gurule, a 44 year old man, to vindicate serious deprivations of his constitutional rights.

2.      Mr. Gurule is a former inmate at Adams County Detention Facility ("ACDF"), who now suffers from severe, debilitating permanent injury, having been subjected to a premeditated, intentional, and brutal assault and battery perpetuated upon his person by one

Sheriff Deputy Brian Caldwell ("Defendant Caldwell"), a member of the Adams County Sheriff's Department.

3.       As a direct result of the unnecessary, brutal, vicious and outrageous physical attack upon Mr. Gurule at the hands of Defendant Caldwell, who, by information and belief, is or was a member of ACDF's "slam crew," and by deputies, also members of the Adams County Sheriff's Department, who participated in the attack or looked on without taking appropriate action and the negligent, reckless, deliberately indifferent, insufficient and untimely medical treatment he received following the attack, Mr. Gurule continues to suffer from permanent physical injury, ongoing medical expenses, and physical and emotional pain and suffering.

4.       Defendants' conduct, under color of state law, proximately caused the deprivation of Mr. Gurule's federally protected rights. Defendants' conduct, done willfully, wantonly, and negligently, also gives rise to the supplemental state claims.

## JURISDICTION AND VENUE

5.       Plaintiff hereby incorporates paragraphs 1-4 by reference.

6.       This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

7.       This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

8.      It is further alleged that the plaintiff suffered damages resulting from Assault and Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligent Hiring and Retaining Violent and Mentally Unstable Persons, Negligence, Medical Malpractice, Vicarious Responsibility through Respondeat Superior, and Exemplary Damages while plaintiff was an inmate housed by the defendants at ACDF.

9.      Supplemental pendent jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts.

## PARTIES

10.     Plaintiff hereby incorporates paragraphs 1-9 by reference.

11.     Plaintiff Gary L. Gurule is a citizen of the United States, who is, and has been at all times relevant to this action, a resident of the State of Colorado.

12.     Defendant Board of County Commissioners for Adams County Colorado ("Adams County") is the public entity legally responsible for Adams County, the Adams County Sheriff's Department and ACDF. Defendant Adams County, a governmental entity organized under the laws of the State of Colorado, is a proper entity to be sued pursuant to 42 U.S.C. § 1983.

13.     Defendant Adams County is also properly sued directly under 42 U.S.C. §1983 for its own deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training and supervision with respect to the proper treatment of prisoners in its custody and the provision of medical care given to prisoners in its custody.

14.     On information and belief, at all times relevant, Defendant Adams County, in an attempt to discharge its constitutional and statutory duties with respect to the provision of medical/health care to prisoners at ACDF, contracted to purchase medical services from Defendant Prison Health Services, Inc. ("Defendant PHS")

15.     Defendant Adams County is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendants Douglas N. Darr ("Defendant Darr") in his official capacity as the Sheriff of Adams County, for those of the Adams County Sheriff's Department, individual Defendants, and Defendant PHS, acting as its policy makers and contractual final delegated decision makers. Mr. Gurule maintains that Defendant Adams County was deliberately indifferent in ensuring proper training and supervision, as well as deliberately indifferent to the inadequate policies and practices for the care and treatment of persons incarcerated at ACDF, who have the right not to be the recipients of unreasonable and excessive brutal force at the hands of Adams County's agents and/or; the right to have their serious medical needs appropriately addressed.

16.     Defendant Douglas N. Darr ("Defendant Darr") is sued in his official capacity as the elected Sheriff of Adams County. Defendant Darr sets official policy for custody, including proper professional conduct and use of force by the department's deputies and appropriate treatment and health care for prisoners and inmates in his custody at ACDF for Adams County and the Adams County Sheriff's Department. This policy setting at all times relevant hereto, included delegating such official policy making, training, and supervision respecting the conduct of his deputies and medical care to contractor Defendant PHS. Defendant Darr in his official capacity only is also a proper person to be sued under 42 U.S.C. 1983 for the unconstitutional

policies, habits, customs, practices, and deliberately indifferent training and supervision challenged herein.

17.     The individual defendant, Brian Caldwell ("Defendant Caldwell") was at all times relevant to this complaint, duly appointed and an acting officer of the Adams County Sheriff's Department, State of Colorado, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and procedures of County of Adams and the State of Colorado, and acting within the course and scope of his employment at ACDF. Defendant Caldwell is sued individually and in his official capacity.

18.     On information and belief, Defendant Caldwell is a resident of Colorado and a citizen of the United States of America.

19.     Defendant Prison Health Services, Inc. ("PHS") is a Delaware corporation with its principal street address being 105 Westpark Drive, Suite 200, Brentwood, Tennessee, 37027 and registered agent in the State of Colorado being The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, CO 80202.

20.     Defendant PHS is a proper entity to be sued under 42 U.S.C. § 1983 for its own deliberately indifferent policies, practices, habits, customs, procedures, training and supervision of staff, including individual Defendants, in their role as the final delegated decision and policy maker for Adams County, with respect to the provision of medical care and treatment for inmates housed at ACDF.

21.     Defendant PHS is also properly sued for common law negligence as it is a private corporation and therefore not entitled to immunity under the Colorado Governmental Immunity Act.

22.     Defendant PHS is sued directly and indirectly for medical malpractice, negligence, negligent supervision, negligent training of its staff, for failing to ensure the provision of appropriate care in the treatment of Plaintiff Gurule, for failing to properly treat him, as well as for the acts and omissions of its agents and/or employees, and for the herein described acts by its involved employees, agents, staff, and affiliates, all while acting within the scope and course of their employment.

23.     The individual defendants referred to as John and Jane Does 1-10 represent unknown supervisors of the above-named defendants and/or other unknown officers, employees and agents of Adams County and PHS, who participated in and have responsibility for the wrongful conduct committed against the plaintiff as is described hereinafter. They are sued herein both in their individual and official capacities.  Plaintiff Gurule will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.

24.     All the hereinafter complained of unprivileged conduct by individual Defendants was under color of state law for purposes of 42 U.S.C. § 1983. Defendants' actions were undertaken in bad faith, willfully, recklessly, and/or with such gross negligence as to indicate wanton disregard and deliberate indifference to Plaintiff Gurule's civil rights, and/or as delegated final decision makers for entity Defendants as to the decisions challenged herein.

25.     At all times relevant to this Complaint, all Defendants, their agents and employees, were acting under color of state law for purposes of 42 U.S.C. §1983.

## **PROCEDURAL REQUIREMENT: NOTICE**

26.     Plaintiff hereby incorporates paragraphs 1-25 by reference.

27.     Proper notice required by §24-10-109, C.R.S. was served upon the Adams County Attorney and the Adams County Board of Commissioners within the required time period. This notice set forth the general facts underlying plaintiff's claims against Adams County and its agents.

## STATEMENT OF FACTS

28.     Plaintiff hereby incorporates paragraphs 1-27 by reference.

29.     At all relevant times, Plaintiff Gary L. Gurule ("Plaintiff Gurule") was an inmate at the Adams County Detention Center ("ACDF"). Plaintiff Gurule entered into ACDF on August 26, 2009 and remained there until he was released on November 4, 2009. ACDF is located at 150 N. 19th Avenue, Brighton, Colorado 80601.

30.     On the morning of October 23, 2009, in conformance with ACDF daily protocol, each inmate in housing area B-4, Pod B-452 within ACDF, including Plaintiff Gurule, personally turned in their ID to one Deputy Adams in exchange for a razor to shave.

31.      It is believed that the proper and authorized procedure is for each inmate to personally exchange his ID for a razor but also to receive his ID back from the deputy personally after handing back his razor. This did not occur.

32.     After the inmates had completed shaving, Deputy Adams instructed and permitted one inmate to collect all the razors that had been issued and have this inmate return all of the razors at one time to Deputy Adams.

33.     After receiving the razors back, Deputy Adams then gave the collector inmate the other inmate's IDs so that he could distribute them back to each respective inmate.

34.     When the deputy counted all of the returned razors in his possession, he mistakenly believed one was missing when in actuality he had miscounted.

35.     The perceived missing razor inside the jail caused a search, or "shakedown" of all six living quarters (pods), including those of the inmates housed in section B-4.

36.     During the shakedown, the inmates, including Plaintiff Gurule, were moved to a holding area upstairs, known as the programs room, without incident. The programs room has no bathroom facilities for use by the inmates held there.

37.     While the inmates remained in the programs room holding area, some for over an hour, Defendant Caldwell appeared.  It was at that time several of the inmates, including Plaintiff Gurule, asked Defendant Caldwell for permission to use the restroom.

38.     Defendant Caldwell, when first spoken to, was heard to have responded in a discourteous manner, asking Plaintiff Gurule, "What the fuck do you want?" Plaintiff Gurule stated that he and other inmates had to use the restroom. The deputy was then heard to have responded saying, "Too fuckin' bad!" Plaintiff Gurule then asked, "What do you want us to do, piss and shit on the floor?" The deputy was heard to respond saying, "Go ahead, you'll clean it up."

39.     The unprofessional and provocative behavior exhibited by Defendant Caldwell led to a further exchange of impolite and less than decorous insults being thrown around. Defendant Caldwell left the area after the undignified exchange of insults concluded, but not before he "flipped off" the inmates and in particular, Plaintiff Gurule.

40.     Soon thereafter, Defendant Caldwell returned to the programs room with other officers (Defendant Doe(s)) by his side.  Defendant Caldwell was heard to be cursing as he

arrived, stating, "Where's that pussy at?" and "Which one of you pussies want to talk some more shit?" He was described by other witnesses as acting "hysterically" and "really pissed off."

41.     Upon his reentry into the programs room, Defendant Caldwell, without issuing any warning, immediately assaulted Inmate Robert Blanchard, who had been standing by the entranceway. Defendant Caldwell was heard to have called Blanchard "a little faggot" during this assault and was seen grabbing Inmate Blanchard so brutally, that he literally pulled the inmate out of his shoes before knocking him out of the way, leaving his shoes lying on the floor.

42.     Next, Defendant Caldwell, more enraged and still hysterical according to one witness, moved immediately toward Plaintiff Gurule, who was seated in a chair away from the entranceway. According to witnesses, Plaintiff Gurule made no verbal or physical threat or gesture toward or against Defendant Caldwell or anyone else as Defendant Caldwell madly approached.

43.     In the presence of at least 19 witnesses, Defendant Caldwell, without immediate provocation, viciously struck Plaintiff Gurule with both fists while taking hold of his shirt, knocking Plaintiff Gurule back against the wall. Defendant Caldwell then violently and deliberately jerked Plaintiff Gurule up from the chair and without forewarning swung Plaintiff Gurule over Defendant's own shoulder slamming Plaintiff Gurule down to the ground below.

44.     That action caused Plaintiff Gurule, who never offered any resistance during this assault, to suffer severe permanent physical injuries and damages to his person, particularly to Plaintiff Gurule's left shoulder, elbow and jaw.

45.     Two deputies roughly escorted the injured Plaintiff Gurule out of the room. A witness described Plaintiff Gurule being slammed to the floor, with the witness saying out loud

to several Defendants, "Hey you don't have to do that." This witness stated that he was told to "Mind your own business!"

46.     Another witness described Defendant Caldwell as "dragging inmate Gary next to where I was at…." The Witness stated further that Defendant Caldwell "told [the already injured] Gary, 'Turn around and I will smash your face in.'"

47.     All other inmates were then directed back to their pods. Plaintiff Gurule and Inmate Blanchard were held in separate rooms next to the programs room. A witness stated that he tried to look at the name on Defendant Caldwell's badge. The witness further stated that Defendant Caldwell looked at him and said, "The name is Caldwell and he spelled it out: "C.A.L.D.W.E.L.L." He said Defendant Caldwell stated further, "And don't misspell it."

48.      Plaintiff Gurule, without reasonable provocation, thus became the victim of Defendant Caldwell's pre meditated and intentional act of assault and battery.  Defendant Caldwell, who is known to be part of the jail's "slam crew," physically assaulted and permanently injured Plaintiff Gurule, who merely needed and asked to use the restroom during an extended "shakedown" period at the jail. Further, the shakedown would have been unnecessary if Defendants had adopted and employed proper procedures for distributing and counting razors.

49.     The unprovoked assault and battery perpetrated upon Plaintiff Gurule by Defendant Caldwell was not necessary to control Plaintiff Gurule or to maintain order or safety in the jail.

50.     Following the brutal, unprovoked assault described above, jail personnel failed to provide adequate treatment in a reasonable timely fashion, despite Plaintiff Gurule's assertion

that he was badly injured, which exacerbated and aggravated the injuries and damages Plaintiff Gurule sustained in this attack.

51.     Plaintiff Gurule was not permitted to see a doctor and was only permitted to see the nurse or physician's assistant (P.A.), despite the worsening of his injuries and Plaintiff Gurule's repeated complaints of continuous suffering due to those injuries.

52.     Defendants further exacerbated the injury to Plaintiff Gurule's left shoulder by failing to properly evaluate his condition and instructing him to keep his arm in a sling for 11 days.

53.     It is customary for a person to remain in a sling under such circumstances for not more than 72 hours.

54.     Officials did not take Plaintiff Gurule for x-rays until the day before his release, 11 days after the attack, despite his repeated informing of officials inside ACDF that his pain was severe and unremitting. Further, if any assessment of Plaintiff Gurule's medical condition was ever made, Plaintiff Gurule never received any information or records despite repeated requests.

55.     Defendants did not provide Plaintiff Gurule with the proper pain medicine for his injuries. Despite being informed by Plaintiff Gurule and having knowledge of Plaintiff Gurule's pain, defendants chose to ignore him and did not provide adequate or proper care to address his injuries or his pain and suffering. Defendants provided him only with extra blankets to lift up his left arm.

56.     Mostly, defendants refused to attend to Plaintiff Gurule's medical condition. PA's or nurses were at times available for consultation but never a doctor. Plaintiff Gurule

learned that doctors were only available to see inmates when there were enough inmates in need of seeing the doctor at one time.  The result is that inmates housed in ACDF are absurdly kept suffering in pain until they number enough to warrant a doctor becoming available.

57.     When Plaintiff Gurule was ultimately seen by a PA or nurse it was based on the request of Officer Marshall of the B-Unit, who would call down to medical and request that Plaintiff Gurule be seen due to his pain. Otherwise Plaintiff Gurule's personal requests to be seen and treated were just ignored despite his suffering.

## FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983
(Against Individual Defendants)

58.     Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-57.

59.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or cause to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

60.     Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

61.     Plaintiff had a clearly established right under the Eighth Amendment to be free from having deliberate physical and psychological harm inflicted upon him, free from deliberate indifference to his known serious medical needs and to receive proper medical care while in custody.

62.     Plaintiff has a constitutionally protected right to be secure in his person and to be free from being subjected to excessive force and aggressive acts of brutality exerted by

individuals acting under color of state law. Plaintiff also has constitutionally protected right to be free from cruel and unusual punishment. Defendants' actions deprived Plaintiff of these constitutionally protected rights, in violation of 42 U.S.C. §1983.

63.     Defendants' actions as referenced herein were motivated by an intent to cause physical and emotional harm to Plaintiff.

64.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law.

65.     On information and belief, all individual Defendants to this claim, at all times relevant hereto, were acting and/or failing to act pursuant to municipal/county custom, policy, decision, ordinance, regulation, habit, usage, or practice in the conduct pertaining to Plaintiff Gurule and/or in concert or as willful joint participants in unconstitutional activity with the Defendant Adams County, Defendant Darr in his official capacity as the Sheriff of Adams County and the other members of the Adams County Sheriff's Department, identified as John or Jane Doe.

66.     Individual Defendants were aware that brutally assaulting Plaintiff would cause severe debilitating injuries and the individual Defendants knew that following the vicious assault Plaintiff was badly injured and, on information and belief, acting in concert through its policy makers, denied him appropriate and timely medical treatment. The individual Defendants did so with deliberate indifference and despite being expressly aware of Plaintiff's known serious medical needs and recklessly disregarding a substantial risk of further and exacerbated physical harm to Plaintiff.

67.     Individual Defendants continued to act in bad faith and with deliberate indifference to Plaintiff's serious medical needs and constitutional rights by first, assaulting and battering him causing severe permanent injury and then again, when they willfully ignored his repeated requests for medical attention and intentionally denied and/or delayed his access to proper and appropriate medical care under the circumstances.

68.     On information and belief, individual Defendants' actions were undertaken in bad faith and indicate a willful and wanton disregard and deliberate indifference to Plaintiff's civil rights.

69.     Since the actions of the Defendants against the Plaintiff were willful and wanton, done with actual malice and deliberate indifference to the rights of the Plaintiff, Plaintiff is entitled to exemplary damages.

70.     Each of the individual Defendants is individually liable to the Plaintiff for violation of 42 U.S.C. § 1983.

71.     The acts or omissions of all individual Defendants were conducted within the scope of their official duties or employment.

72.     The acts or omissions of all individual Defendants were moving forces and substantial, significantly contributing proximate causes of Plaintiff's injuries.

73.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

74.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injuries, damages and losses as described herein, entitling him to compensatory and special damages, including attorney's fees in amounts to be determined at trial. As a further result of the

Defendants' unlawful conduct, Plaintiff has incurred significant special damages, including medically related expenses, and will continue to incur further medically related expenses in amounts to be determined at trial. He has also suffered lost past and future earnings and impaired earnings capacities in ongoing amounts to be ascertained at trial. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as is allowable by federal law.

75.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with reckless disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983
(Against Defendants Board of County Commissioners for the County of Adams; Douglas N. Darr in his official capacity as the Sheriff of Adams County; Prison Health Services, Incorporated; and John and Jane Does 1-10 in their official capacities)

76.     Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-75

77.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or cause to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

78.     Plaintiff in this action is a citizen of the United States and the defendants to this claim are persons for the purposes of 42 U.S.C. § 1983.

79.     Plaintiff had a clearly established right under the Eighth Amendment to be free from a vicious, premeditated, intentional and brutal assault and battery perpetrated on his person

and free from deliberate indifference to his known serious medical needs and to proper medical care while in custody.

80.     Further, the County and the Sheriff, under C.R.S. § 16-3-401 owe a duty to ensure that "prisoners arrested or in custody shall be treated humanely and provided with adequate food, shelter, and, if required, medical treatment."

81.     Defendants Adams County, Darr in his official capacity as the Sheriff of Adams County, and PHS are sued herein for their deliberately indifferent and reckless policies, practices, habits, customs and widespread usages and joint willful action in concert with respect to custody of prisoners and appropriate and reasonable use of force, with respect to custody of prisoners with known serious medical treatment and urgent care needs like Plaintiff Gurule to protect them from further exacerbating injuries sustained after being subject to a vicious premeditated physical assault upon them, and for their deliberately indifferent failures in training and supervising the individual Defendant employees, agents and contractors.

82.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

83.     On information and belief, the Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff. Defendants' action in this regard is evidenced by that pattern of bad faith indifference to the inhumane treatment and to the medical needs and constitutional rights of detainees among multiple staff as directed toward Plaintiff and other inmates.

84.     Defendants Adams County and/or Darr, in his official capacity as the Sheriff of Adams County acting for the Defendant Adams County and the Adams County Sheriff's Department as county custodians of prisoners at ACDF, have a nondelegable duty to provide adequate medical services to an inmate in Defendants' custody.

85.     Further, by their complained of series and pattern of intentional actions and inactions, *de facto* policies, customs, habits, usages, and decisions, these Defendants acted or failed to act in bad faith and with deliberate indifference to the inhumane treatment of and to the obvious serious medical needs of patients and inmates as is detailed in the statement of facts for Plaintiff as well as from at least 19 witnesses and with respect to Plaintiff's right to be free from unwarranted physical assault and emotional abuse perpetrated upon his person by sheriff deputies, including Defendant Caldwell, and Plaintiff's right to receive appropriate medical treatment in a timely and humane fashion after having been assaulted.

86.     On information and belief, Defendants knew that potentially serious consequences could be suffered by such individuals (including Plaintiff Gurule) by their challenged policies and practices and by their failures to properly train and supervise sheriff deputies and failure to properly train and supervise medical care and/or develop adequate policies.

87.     Defendants' policies, customs, and/or practices in failing to properly train and supervise their employees and/or agents and contractors and/or regarding professional conduct, proper use of force, and providing humane medical care were also moving forces and substantial significantly contributing proximate causes of the profound violation of Plaintiff's constitutional rights as an inmate at ACDF.

88.     The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional rights and caused him other damages.

89.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injuries, damages and losses as described herein entitling him to compensatory and special damages, including attorney's fees in the amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including significant medically related expenses and will continue to incur further medically related expenses in amounts to be established at trial. He has also suffered lost past and future earnings and impaired earnings capacities in ongoing amounts to be ascertained at trial. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. §1988, prejudgment interest and costs as allowable by federal law.

90.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled punitive damages against each of these private corporate Defendants under 42 U.S.C. § 1983, in that the policies, practices, actions and failures to act of each of these corporate Defendants were undertaken maliciously, willfully, or with reckless or wanton disregard of the constitutional rights of Plaintiff.

91.     Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' ongoing deliberate indifference in policies, training, and supervision with respect to the use of professional conduct, excessive force and the serious medical needs of patients and inmates in violation of the Eight Amendment of the Constitution.

### THIRD CLAIM FOR RELIEF
**Assault and Battery**
(Against Defendant Caldwell, individually)

92.     Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-91.

93.     The acts of Defendant Caldwell against Plaintiff Gurule were committed without justification, were excessive and unnecessary, caused Plaintiff physical injury and a great amount of pain, were harmful and offensive, and constitute assault and battery for which the Defendant should be held personally liable insofar as:

a.      The Defendant intended to cause an offensive or harmful physical contact with the Plaintiff or intended to place the Plaintiff in apprehension of such contact;

b.      The Defendant placed the Plaintiff in apprehension of such contact;

c.      The contact was harmful and offensive; moreover,

d.      The Defendant's acts resulted in physical contact with the Plaintiff;

e.      The Defendant intended to make harmful or offensive physical contact with the Plaintiff; and

f.      The contact was harmful and offensive.

94.     The actions of the Defendant against the Plaintiff were done with actual malice towards the Plaintiff, were willful and with deliberate indifference and disregard for the rights of Plaintiff, entitling him to exemplary damages.

### FOURTH CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
(Against Defendant Caldwell, individually)

95.     Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-94.

96.     The brutal abuse of Plaintiff Gurule by Defendant Caldwell was extreme, outrageous, unjustified and caused Plaintiff to suffer severe physical pain and emotional distress.

97. The intentional brutal acts inflicted upon the Plaintiff by Defendant Caldwell were unjustified and done with actual malice, wanton indifference and a deliberate disregard for the rights of Plaintiff. Plaintiff is, therefore, entitled to exemplary damages.

## FIFTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress
(Against Individual Defendants identified as John or Jane Doe)

98. Plaintiff hereby incorporates paragraphs 1-97 by reference.

99. Defendant Brian Caldwell engaged in extreme and outrageous conduct against Plaintiff Gurule as previously alleged.

100. Defendants owed Plaintiff a duty of care while Plaintiff was in custody.

101. Defendants John and/or Jane Doe(s) also engaged in extreme and outrageous conduct against Plaintiff Gurule intentionally, recklessly and/or negligently.

102. Defendants breached their duty of care through their outrageous conduct which resulted in severe emotional distress to the Plaintiff, causing him to suffer injuries, damages, and losses.

103. Plaintiff is therefore entitled to compensatory damages.

## SIXTH CLAIM FOR RELIEF
### Negligent Hiring and Retaining Violent and Mentally Unstable Persons
(Against Defendants Board of County Commissioners for the County of Adams; and Douglas N. Darr in his official capacity as the Sheriff of Adams County)

104. Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-103.

105. The Defendants have a policy of testing their employees and providing mental health assistance.

106. During the course and scope of such policy, Defendants knew or should have known of the violent tendencies and unstable mental condition of their employees.

107.    Defendants are charged with investigating allegations of brutality and assault upon persons, such as the Plaintiff Gurule, in order to protect the public from harm.

108.    Defendants deprived Plaintiff of his constitutional rights by negligently selecting, giving responsibility to, and failing to control mentally unstable employees, such as Defendants Caldwell and/or John and/or Jane Doe, who have violent tendencies.

109.    Such negligence is the proximate cause of the deprivation of Plaintiff's constitutional rights.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**Negligence**
(Against Defendants Board of County Commissioners for the County of Adams; Douglas N. Darr in his official capacity as the Sheriff of Adams County; Brian Caldwell in his official capacity as sheriff deputy; Prison Health Services, Incorporated; and John and Jane Does 1-10 in their official capacities)

110.    Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-109.

111.    At all times relevant to this case, each Defendant owed Plaintiff Gurule the duty to act with due care in the execution and enforcement of any right, law, or legal obligation, including in conduct as described above.

112.    At all times relevant to this case, each Defendant owed the Plaintiff the duty to act with reasonable care, including in conduct as described above.

113.    These general duties of reasonable care and duty owed to Plaintiff by Defendants include but are not limited to the following obligations:

    a.    To refrain from using excessive or unreasonable force against the Plaintiff;

    b.    To refrain from abusing Plaintiff's rights and/or authority granted them by law;

c.      To refrain from violating the rights of the Plaintiff guaranteed by the United States and Colorado Constitutions and law, as more fully set forth herein;

d.      To refrain from violating lawful policies and procedures of the Adams County Sheriff's Department;

e.      To refrain from violating lawful training each Defendant has received in the course of his law enforcement career; and

f.      To refrain from violating C.R.S. § 16-3-401 which creates a duty to ensure that "prisoners arrested or in custody shall be treated humanely and provided with adequate food, shelter, and, if required, medical treatment."

114.    Additionally, the general duties of reasonable care and due care owed to the Plaintiff by Defendants Adams County; Darr; PHS; and John and Jane Does 1-10 include but are not limited to the following specific obligations:

a.      to properly and adequately investigate, train, supervise, monitor and discipline the above-named defendants and other unknown officers, employees and agents of Adams County, the Adams County Sheriff's Department and PHS to ensure that the defendants acted at all times in the public interest, with due regard for the rights and safety of others, and in conformance with law;

b.      to make, enforce, and at all times act in conformance with policies and customs that are protective of individual rights and safety, including Plaintiff's; and

c.      to refrain from making, enforcing, and/or tolerating the wrongful conduct set forth at paragraphs 28 through 57, above.

115.    Defendants, through their acts and omissions, and through their conduct described herein, breached each and every one of the aforementioned duties and obligations owed to the Plaintiff.

116.    As a direct and proximate result of Defendants' negligence, Plaintiff's sustained injuries and damages as set forth above, and are further entitled to economic and non-economic damages, penalties, and costs as otherwise allowed under Colorado law.

### EIGHTH CLAIM FOR RELIEF
**(Medical Malpractice)**
(Against Prison Health Services, Incorporated)

117.    Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-116.

118.    Defendant fell below the standard of care for like health care providers in the Denver Metropolitan Area in the following manner:

119.    Despite Plaintiff Gurule's assertion that he was badly injured, Defendant negligently failed to provide Plaintiff with adequate treatment in a reasonable timely fashion, which exacerbated and aggravated Plaintiff's injuries and damages.

120.    Defendant negligently failed to permit Plaintiff Gurule to see a doctor, permitting him only to see a nurse or physician's assistant (PA).

121.    Defendant exacerbated the injury to Plaintiff Gurule's left shoulder by negligently failing to properly evaluate his injuries and by instructing him to keep his arm in a sling for 11 days

122.    Despite his repeated assertions that his pain was severe and unremitting, Defendant negligently failed to take Plaintiff Gurule for x-rays until the day before his release, 11 days after he had sustained his injuries.

123.    Defendant was negligent by failing to provide Plaintiff Gurule with records or other information concerning an assessment of his medical condition, despite his repeated requests, if an assessment was ever even made.

124.    Defendant was negligent in failing to provide Plaintiff Gurule with the proper pain medicine for his injuries. Despite being informed by Plaintiff Gurule, and having knowledge of his pain, defendant chose to ignore him and did not care about his injuries or his pain and suffering, providing him only extra blankets to lift up his left arm.

125.    Defendant was negligent in their care of Plaintiff Gurule by maintaining a policy whereby inmates are only seen by a doctor, rather than by a PA or nurse, when there are enough inmates in need of seeing doctors at one time.  The result of that policy is that inmates, such as Plaintiff Gurule housed in ACDF, are without the ability to be seen by a doctor unless there happens to be enough inmates in number to warrant a doctor becoming available.

126.    Defendant was negligent when they ignored Plaintiff Gurule's personal requests to be seen despite his pain and suffering. Plaintiff Gurule was ultimately seen by a PA or nurse but only following the request of Officer Marshall of the B-Unit, who called down to medical and requested Plaintiff Gurule be seen due to his pain and suffering.

127.    As a direct and proximate result of the medical malpractice of the Defendant, Plaintiff experienced physical pain and mental suffering. Plaintiff has suffered injuries including, but not limited to those injuries described above. Certain of these injuries, including the injury to his left shoulder will be permanently painful, disabling and incapacitating. In an effort to relieve, treat and cure his injuries, Plainitff has required medical and hospital services and, as a result of the permanent nature of his injuries will in the future require additional medical services and

may be required to incur medical expenses in the future. Plaintiff has suffered a loss of earnings and will continue to lose earnings in the future. In addition, Plaintiff has suffered a loss of enjoyment of life and will continue to suffer a loss of enjoyment of life.

128.    As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered extreme physical pain and mental anguish. The Plaintiff has thus been damaged in the amount to be established at trial.

## NINTH CLAIM FOR RELIEF
### (Respondeat Superior)
(Against Defendants Board of County Commissioners for the County of Adams; Douglas N. Darr in his official capacity as the Sheriff of Adams County; Prison Health Services, Incorporated; and John and Jane Does 1-10 in their official capacities)

129.    Plaintiff incorporates by reference all allegations as set forth in paragraphs 1-128.

130.    Defendants Adams County and PHS are legally responsible to the Plaintiff for any harm caused by its employees or agents while acting within the course and scope of their employment or agency.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and enter the following relief:

1.    Award Plaintiff all past and future compensatory, non economic, consequential and economic damages as proven at trial against all the Defendants;

2.    Award Plaintiff special damages as proven at trial;

3.    Award Plaintiff punitive damages relating only to the federal claims brought in this matter against individual Defendants and private corporate Defendants;

4.      Award Plaintiff attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988;

5.      Award Plaintiff attorney's fees and costs as provided for under all applicable federal and state statutes;

6.      Award Plaintiff interest from the earliest possible date under appropriate federal and state statutes;

7.      Grant a preliminary and permanent injunction and corresponding declaratory relief pursuant to F.R.C.P. 57 and 65 compelling entity Defendants to develop and implement constitutional policies, training and supervision of their agents and employees for the care and treatment of incarcerated persons with respect to professional conduct and treatment of said persons, acceptable and proper use of force, and attention to the serious and urgent care needs of incarcerated persons, including the timely transfer of such persons for proper medical attention when needed; and

8.      All other appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands the right to have a jury decide at trial all issues raised by his Complaint that are triable to a jury as a matter of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 22nd day of October, 2010

*/s Joseph Oliva, Jr.*
Joseph Oliva, Jr.
R.E. Chips Portales
Law Office of Portales & Associates, P.C.